Filed 2/11/16  P. v. Scott CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C077132 |
| Plaintiff and Respondent, | (Super. Ct. No. 01F03583) |
| v. | |
| ANDRE RENE SCOTT, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

At around 6:00 a.m. on April 29, 2001, three men wearing ski masks entered a McDonald's on Broadway in Sacramento.  (*People v. Scott* (July 19, 2005, C044964) [nonpub. opn.] slip. opn. at pp. 3-4 (*Scott*).)  Two of the men were armed, one with a handgun, and another with a rifle.  (*Ibid*.)  As they entered, someone said, " 'Get down.' " (*Id*. at p. 4.)  Three employees were on duty; a fourth was eating breakfast and had not

1

yet started work. (*Id*. at p. 3.) One of the robbers pointed a handgun at the swing shift manager, Serena Wong, and directed her to put her hands up and go to the safe. (*Id*. at pp. 3-4.) After Wong took a deposit bag with the McDonald's logo containing $475 from the safe, the robber took it, left, came back for his firearm, and then left for good. (*Id*. at pp. 4-5.) Wong and another employee called 911 after the robbers left. (*Id*. at p. 5.) Defendant was later detained and a search of his apartment found, among other items, a deposit bag with the McDonald's logo, two black ski masks, and a .380-caliber Lorcin pistol with red lettering on the side. (*Id*. at pp. 6-7.) Wong later identified the McDonald's bag, the pistol, and other items found at defendant's apartment, and was " 'almost positive' " that defendant was the robber who forced her to take the money from the safe. (*Id*. at p. 7.)

A jury convicted defendant of three counts of robbery with personal use of a firearm enhancements (Pen. Code, §§ 211, 12022.53, subd. (b))[1] and one count of felon in possession of a firearm (§ 12021). (*Scott, supra*, at p. 1.) The trial court sustained two strike allegations (§§ 667, subds. (b)-(i), 1170.12) and sentenced defendant to 116 years 8 months to life, consisting of consecutive 25-year-to-life terms on the four counts and 16 years 8 months consecutive for the firearm use enhancements. (*Scott,* at pp. 1-2.) On July 19, 2005, this court affirmed defendant's conviction in an unpublished opinion. (*Id*. at p. 3.)

Defendant filed a petition for resentencing pursuant to section 1170.126 on June 23, 2014. The trial court denied the petition, finding defendant's convictions for robbery, a serious and violent felony, rendered him ineligible for resentencing. The court also noted that while felon in possession was not a serious or violent felony, the summary of evidence in our opinion affirming defendant's conviction "contains language from

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

2

which this court could easily make an extra-fact finding that defendant was 'armed' with and personally 'used' the firearm in committing" the felon in possession offense. Nonetheless, the trial court chose not to undertake the additional fact finding, ruling that the robbery convictions rendered defendant ineligible for resentencing as to all of his three-strikes sentences, even if the underlying felony was neither serious nor violent.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

### *WENDE* REVIEW

We have identified an issue that warrants additional discussion, but does not require further briefing or a change to the trial court's rulings. After the *Wende* brief was filed, the California Supreme Court held that a current conviction for a serious or violent felony does not disqualify a defendant from section 1170.126 "resentencing with respect to a current offense that is neither serious nor violent." (*People v. Johnson* (2015) 61 Cal.4th 674, 679.)

Although the trial court's ruling is erroneous as to the felon in possession count after *Johnson*, the error is harmless. Among the factors disqualifying a defendant from section 1170.126 resentencing, one of the disqualifying factors, as cross-referenced in section 1170.126, subdivision (e)(2), renders an offense ineligible for recall of sentence if "[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person." (§ 667, subd. (e)(2)(C)(iii).) This exception applies to felon in possession of a firearm, and there is no pleading or proof requirement for it. (*People v. Elder* (2014) 227 Cal.App.4th 1308, 1311; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1029-1033;

3

*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1058; *People v. White* (2014) 223 Cal.App.4th 512, 525-527.) Although the trial court did not explicitly find defendant was armed during the commission of the felon in possession count, its statement makes clear that it would make this finding on remand. In light of the trial court's statement and the overwhelming evidence that defendant used and was armed with a firearm during the felon in possession offense, additional briefing on the issue or a remand to the trial court is unnecessary.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant

**DISPOSITION**

The judgment (order denying resentencing petition) is affirmed.

      MURRAY     , J.

We concur:

    HULL      , Acting P. J.

    DUARTE    , J.